UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MARJORIE COGBURN,

Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, MARJORIE COGBURN, by and through the undersigned attorney, hereby files this Complaint for Damages and Demand for Jury Trial and sues Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES (hereinafter "CARNIVAL"), and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333 and 1332. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum selection clause contained within the Cruise Ticket Contract issued by Defendant. Upon information and belief, Defendant is in possession of a copy of the subject Ticket Contract.

3. At all times material hereto, MARJORIE COGBURN is and was a resident of the state of Florida.

4. At all times material hereto, CARNIVAL was incorporated in Panama, and had its principal place of business in Miami, Florida.

5. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

6. At all times material hereto, CARNIVAL owned, operated, maintained, managed, and/or controlled the cruise ship the *Carnival Ecstasy*.

7. On or about May 26, 2019, MARJORIE COGBURN was a fare-paying passenger aboard the *Carnival Ecstasy*.

8. On or about May 26, 2019, MARJORIE COGBURN was walking in a high-traffic passenger area when she slipped and fell on the unreasonably slippery interior flooring on the Promenade Deck that had water and/or another liquid substance on it.

9. As a result of this incident, MARJORIE COGBURN sustained serious injury.

10. <u>NOTICE</u>: CARNIVAL knew or should have known that the subject flooring was unreasonably dangerous as a result of its knowledge of prior similar incidents that occurred on that flooring material aboard the *Ecstasy* and other vessels in its fleet of cruise ships. *See Cosmo v. Carnival Corporation,* 272 F.Supp.3d 1336 (S.D. Fla. 2017)(J. Scola).  Moreover, upon information and believe CARNIVAL has received several passenger complaints/comments about the unreasonably dangerous nature of the interior flooring s in its fleet.  In addition, upon information and belief, knew or should have known that the interior flooring on *Ecstasy* were unreasonably dangerous as a result of its participation design and construction of the *Ecstasy* and approval of the altered design. *See Groves v. Royal Caribbean Cruises, Ltd.,* 463 F. Appx. 837 (11th Cir. 2012).  Moreover, CARNIVAL knew or should have known of the unreasonably

dangerous condition of its interior flooring because the design and operation methods used by CARNIVAL for these interior flooring deviated from accepted industry safety practices. *See, Holderbaum v. Carnival,* 87 F. Supp. 3d. 1345 (S.D. Fla. 2015)(J. Lenard). CARNIVAL knew or should have known that this dangerous condition existed because crewmember(s) were in the immediate area of the liquid substance on the tile floor prior to the Plaintiff's incident and failed to comply with CARNIVAL's policies and procedures for handling slip and fall hazards and/or the liquid substance was on the floor for a sufficient amount of time that a crew member knew or should have known of its existence and acted to address the situation. *See Thomas v. NCL (Bahamas) Ltd.,* 203 F.Supp.3d 1189 (S.D. Fla. 2016)(J. Williams).

## COUNT I
## NEGLIGENT FAILURE TO WARN

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

11. <u>DUTIES OWED</u>: At all times material hereto, CARNIVAL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *Ecstasy*, in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989). Cruise lines owe their passengers a duty to warn of known or foreseeable dangers which are not open and obvious. *See, Brown v. Carnival Corporation,* 202 F.Supp. 3d 1332 (S.D. Fla. 2016)(J. Ungaro)(citing *Witover v. Celebrity Cruises, Inc.,* 161 F. Supp. 3d. 1139, 1146 (S.D. Fla. 2016).

12. CARNIVAL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with CARNIVAL including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the interior flooring s when wet.

13. CARNIVAL breached the aforementioned duties of care owed to MARJORIE COGBURN by failing to reasonably warn passengers that the interior flooring is unreasonably slippery when wet and failing to warn passengers that the interior flooring was wet and therefore dangerous.

14. As a direct and proximate result of the aforementioned negligence of CARNIVAL, Plaintiff, MARJORIE COGBURN, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of his injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT II**
**NEGLIGENT FAILURE TO CLEAN**

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

15. <u>DUTIES OWED:</u> At all times material hereto, CARNIVAL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *Ecstasy,* in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989).

16. CARNIVAL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with CARNIVAL including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the interior flooring when wet.

17. CARNIVAL breached the aforementioned duties of care owed to MARJORIE COGBURN by failing to maintain the vessel, including the interior flooring, in a reasonably safe condition by keeping them clean and dry; failing to clean the liquid substance on the flooring when CARNIVAL, through its employees and agents, knew or should have known about the existence of the liquid substance on the flooring;

18. As a direct and proximate result of the aforementioned negligence of CARNIVAL, Plaintiff, MARJORIE COGBURN, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in

the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT DESIGN, CONSTRUCTION, AND/OR APPROVAL OF THE SUBJECT FLOORING

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

19. <u>DUTIES OWED:</u> At all times material hereto, RCCL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *Ecstasy*, in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989). The cruise line had the duty to use reasonable care in designing, constructing, and approving the areas of the vessel which the cruise line participated in either designing, construction, or approving. *Groves v. Royal Caribbean Cruises, Ltd.,* 463 F. Appx. 837 (11th Cir. 2012).

20. CARNIVAL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with CARNIVAL including their failure to reasonably design, construct, and inappropriate approval of the unreasonably dangerous nature of the interior flooring when wet.

21. CARNIVAL breached the aforementioned duties of care owed to MARJORIE COGBURN by constructing, designing, and approving the use the subject flooring tile as a high-traffic walking surface despite the fact that it is not reasonably slip-resistant under foreseeable operating conditions, including when wet.

22.     As a direct and proximate result of the aforementioned negligence of CARNIVAL, Plaintiff, MARJORIE COGBURN, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of hers injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

### COUNT IV
### NEGLIGENT MAINTENANCE OF THE FLOORING

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

23.     DUTIES OWED: At all times material hereto, CARNIVAL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *Ecstasy*, in a

reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989).

24. CARNIVAL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with CARNIVAL including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the interior flooring when wet.

25. CARNIVAL breached the aforementioned duties of care owed to MARJORIE COGBURN by failing to utilize a reasonable and appropriate maintenance practice and schedule for the subject flooring material, including resurfacing the tile when appropriate and complying with the manufacturer's recommendations for maintenance.

26. As a direct and proximate result of the aforementioned negligence of CARNIVAL, Plaintiff, MARJORIE COGBURN, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including

interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

Dated:   May 25, 2020
Coral Gables, Florida

Respectfully Submitted,

**FLANAGAN PERSONAL INJURY & WRONGFUL DEATH LAW FIRM, P.A.**
*Counsel for Plaintiff*
2 Alhambra Plaza
Suite 620
Coral Gables, Florida 33134
Tel: (305) 638 – 4143
Fax: (305) 397 - 2636

By:   */s/ Michael T. Flanagan*

Michael T. Flanagan, Esq.
Fla. Bar No. 0091072
Primary E-mail: mtf@Florida-Justice.com
Secondary E-mail: mtfassistant@Florida-Justice.com