UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (MIAMI)

CASE NO.: 1:20-CV-22166-UU

MARJORIE COGBURN,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Defendant, CARNIVAL CORPORATION, ("CARNIVAL"), by and through undersigned counsel and pursuant to Rule 56.1 of the Local Rules governing the Southern District of Florida and Rule 56 of the Federal Rules of Civil Procedure, hereby respectfully moves the Court for entry of Summary Judgment in its favor, and as grounds thereof, states as follows:

### BACKGROUND

This is a maritime personal injury matter in which Plaintiff claims to have slipped and fallen while walking in two-to-two-and-a-half-inch wedge heels aboard the Carnival *Ecstasy* on or about May 26, 2019 at around 6:30 p.m. Based on her own speculative testimony, Plaintiff alleges that her fall was caused by the possible existence of an unascertainable liquid on a tiled flooring on the City of Lights Blvd. on the Promenade Deck. Plaintiff's Complaint asserts claims of Negligent Failure to Warn; Negligent Failure to Clean; Negligent Design, Construction, and/or Approval of the Subject Flooring; and Negligent Maintenance of the Flooring. As Plaintiff has failed to adduce any evidence of Defendant's alleged negligent failure to clean, failure to warn, design, or maintenance, summary judgment in favor of Defendant is proper as to all counts.

Plaintiff's Injury Statement, albeit written by her husband, nonetheless signed by Plaintiff, avers that her fall "could have [been caused by] the type of shoes [she was wearing at the time of the incident]." [See Plaintiff's Injury Statement, attached as Exhibit 1]. Plaintiff

confirmed during her deposition testimony that she was, in fact, wearing 2½" wooden wedge heels manufactured by Jack Rogers USA. [See Plaintiff's deposition testimony, attached as Exhibit 2, 105:13–14]. In the prior cruises of which she embarked aboard the Carnival *Ecstasy*, she did not notice the allegedly "slippery" tiles on the Promenade Deck. [*Id.* at 68:6–25, 69:1–7]. Earlier aboard this particular May 2019 cruise on the *Ecstasy*, Plaintiff walked across the Promenade Deck without falling and did not notice any slick areas on the same tile flooring, and she freely admits that she previous walked across the same tiles upon which she fell without incident. [Ex. 2, 69:8–16; See Deposition of Charles Cogburn, attached as Exhibit 3, 63:2–13]. Furthermore, Plaintiff's husband testified that he joined the Plaintiff on a voyage aboard the *Ecstasy* "at least once." [Ex. 3, 31:6–13]. On that voyage, Plaintiff's husband testified that neither Plaintiff nor another known passenger slipped on the tile flooring on the Promenade Deck. *Id.* at 31:14–19.

Plaintiff cannot establish beyond mere speculation what liquid was on the floor, how long said liquid was present, and whether a Carnival employee was actually aware of the alleged spillage. [Ex. 2, 108:11–16, 111:11–25, 112:1–13, 113:23–25, 114:1–3, 114:1–3, 117:13–25, 118:1–6, 123:5–13]. She did not see any spills caused by either an employee or another guest in the general vicinity. *Id.* Plaintiff's husband did not see anything on the floor after the incident. [Ex. 3, 75:4–6]. Defendant's investigation did not reveal the presence of a liquid on the subject flooring. [Deposition of Jennielyn Meneses, attached as Exhibit 4, 27:19–25, 28:13–14, 31:21–23, 88:6–8]. Defendant's crew members perform a "deep clean" on the flooring nightly and if discrepancies are noted they are reported, and a work order is created to rectify the issue. [Deposition of Monica Borcegue, attached as Exhibit 5, 199:1–13]. There is no evidence that any crew member noted a discrepancy related to the subject flooring, nor was a Safety Action Plan implemented pertaining to the tile flooring on the Promenade Deck. [Exhibit 5, 200:5–9].

Before there exists a duty to warn, Plaintiff must affirmatively show Defendant knew of any alleged hazard or condition as it relates to this subject flooring. A duty to warn does not exist when a condition is open and obvious. Here, Plaintiff herself testified "I don't normally look down when I'm walking." [Ex. 2, 111:11–19]. Defendant, CARNIVAL, cannot be obligated to warn Plaintiff of a danger that is apparent through ordinary use of her senses. *See Taiariol v. MSC Crociere, S.A.*, 2016 U.S. Dist. LEXIS 48966, at *9 (S.D. Fla. Apr. 12, 2016). Plaintiff may try to show that Defendant was generally aware of the possibility that passengers may spill drinks in common areas on the subject vessel, but the plead hazard is a possible

existence of an unascertainable liquid within the Promenade Deck. Therefore, Plaintiff must produce evidence of what she has plead to establish a genuine issue of material fact as to whether Defendant had notice of the alleged condition. Her failure to do so renders summary judgment in favor of Defendant proper.

Furthermore, Plaintiff has failed to adduce any evidence that Defendant was responsible for the alleged negligent design of the subject flooring or any of its geometric details and/or features. In fact, Defendant did not have any actual participation in the construction, design, or installation of the subject flooring. [Ex. 5, 166:1–5]. The ship was designed by the architect Joe Farkus. *Id*. at 167:1–11. Mr. Farkus was also responsible for overseeing the construction and installation process pertaining to the tiles on the Promenade Deck of the *Ecstasy*. *Id*. The tile flooring where Plaintiff fell is original to the ship. *Id.* at 50:7–11. Thus, Defendant cannot be held liable for an alleged design defect where Plaintiff has failed to show Defendant's participation in the design and installation processes.

For the foregoing reasons, summary judgment in favor of Defendant must be granted as a matter of law.

## **MEMORANDUM OF LAW**

### I. Summary Judgment Must Be Entered in Favor of Defendant When Plaintiff Fails to Satisfy Her Burden of Establishing a Genuine Issue of Material Fact

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Yet, the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion; 'the requirement is that there be no genuine issue of material fact.'" *Weiner v. Carnival Cruise Line*s, 2012 U.S. Dist. LEXIS 151395, at *2 (S.D. Fla, Oct. 22, 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Indeed,

> [t]he plain language of [Rule 56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Cohen v. Carnival Corp.*, 945 F. Supp. 2d 1351, 1354 (S.D. Fla. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). A dispute surrounding a material fact is "genuine" only if the established record evidence could lead a reasonable juror to find for the non-moving party. *Anderson*, 477 U.S. at 247–48. Furthermore, "an inference based on speculation and conjecture is not reasonable." *Ave. CLO Fund, Ltd. v. Bank of Am., N.A.*, 723 F.3d 1287, 1294 (11th Cir. 2013). "For factual issues to be considered genuine, they must have a real basis in the record . . . mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citations omitted). Recently, the Eleventh Circuit stated:

> **"Conclusory allegations and speculation are insufficient to create a genuine issue of material fact." *Glasscox v. City of Argo*, 903 F.3d 1207, 1213 (11th Cir. 2018); see also *Cordoba v. Dillard's, Inc*., 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a genuine issue of fact; instead it creates a false issue, the demolition of which is a primary goal of summary judgment." (quotation omitted)). "[A]n inference is not reasonable if it is 'only a guess or a possibility,' for such an inference is not based on the evidence but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1322 (11th Cir. 1982) (quotation omitted).**

*Donnelly v. Wal-Mart Stores East, LP*, 2021 U.S. App. LEXIS 2905, at *10 (11th Cir. Feb. 3, 2021). "However, the nonmoving party may not merely point to a scintilla of evidence that creates a metaphysical doubt about an issue; instead, the evidence must be sufficient to allow a rational trier of fact to find for the nonmoving party." *Stern v. NCL Bahamas Ltd*., 2020 U.S. Dist. LEXIS 160690, at *9 (S.D. Fla. Sept. 1, 2020) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

The Southern District of Florida expressly maintains that a "[p]laintiff's inability to remember certain details, as depicted in her deposition transcript, does not amount to the existence of disputed facts," *Hippele v. Palm Beach County Bd. of County of Comm'rs*, 2010 U.S. Dist. LEXIS 79906, at *23 (S.D. Fla. Aug. 9, 2010), and cannot alone satisfy Plaintiff's burden to establish a genuine issue of material fact as required to defeat Defendant's Motion for Summary Judgment.  Thus, in order to survive Defendant's Motion, Plaintiff must affirmatively establish the existence of a genuine material fact as to each individual element of every one of her negligence claims.  As Plaintiff fails to adduce sufficient evidence that would establish a genuine dispute as to material fact pertaining to Defendant's alleged negligent misconduct, Defendant's Motion for Summary Judgment must be granted as a matter of law.

II. **A Plaintiff Claiming Negligent Failure to Warn Under Maritime Law Must Produce Factual Support for Her Allegations in Order to Survive Defendant's Motion for Summary Judgment.**

Shipowners or operators do not ordinarily owe a heightened or special duty of care to their passengers. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959); *Everett v. Carnival Cruise Lines, Inc.*, 912 F.2d 1355, 1358 (11th Cir. 1990)). Under maritime law, a shipowner's applicable standard of care to passengers is merely that of "ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). Reasonable care merely requires that Carnival provide notice of any dangerous condition that is not "open and obvious" to the reasonable passenger. The law is clear that a "carrier does not become liable to a passenger solely because an accident occurs." *Wish v. MSC Crociere S.A.*, 2008 U.S. Dist. LEXIS 109072, at *2 (S.D. Fla. Nov. 24, 2008) (rejecting argument that the cruise line "should have known" of a dangerous condition simply because the plaintiff suffered an injury while aboard the ship). Furthermore, the Southern District of Florida adopts the proposition that:

> **There is no sound reason to require that a carrier exercise a high degree of care for those trifling dangers which a passenger meets "in the same way and to the same extent as he meets them daily in his home or in his office or on the street, and from which he easily and completely habitually protects himself . . . . The extent to which the circumstances surrounding maritime travel are different from those encountered in daily life and involve more danger to the passenger, will determine how high a degree of care is reasonable in each case.**

*Rainey v. Paquet Cruises, Inc.*, 709 F.2d 169, 171–72 (2d Cir. 1983) (internal citations omitted), *adopted by Carroll v. Carnival Corp.*, 2013 WL 1857155, at *3 (S.D. Fla. May 2, 3013). The straightforward fact that an accident occurred, by itself, cannot plausibly establish a presumption as to whether Defendant had notice of a dangerous condition. *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006); *see also Matsushita*, 475 U.S. at 587. The Eleventh Circuit recently emphasized that mere "speculation cannot create a genuine dispute of material fact to defeat summary judgment" when the plaintiff could not proffer more than abstract assertions as to the length of time as to the puddle's existence. *Espinoza v. Target Corp.*, 2021 U.S. App. LEXIS 1373, at *12 (11th Cir. Jan. 19, 2021) (granting summary judgment in favor of

retail establishment when plaintiff only provided speculative testimony as to how long the alleged puddle was on the floor before the slip and fall occurred).

In the instant case, Plaintiff claims she slipped and fell on a wet spot that was five-by-7 in size, or the size of a photograph. [Ex. 2, 123:24-124:2]. She did not see the liquid prior to her fall, and neither did her husband. She did not see any passengers walking around in the area with drinks, nor did she see any servers or bar tenders walking around the City of Lights Blvd. serving drinks. She testified she did not know how the alleged liquid came to be on the flooring of the City of Lights Blvd. She had no idea how long the liquid was present for, or whether any crewmember was aware of the liquid on the floor. She did not know what the liquid even was. She did not report the presence of a liquid on the subject flooring to a single person on the *Ecstasy*. Her own Passenger Injury Statement, Guest Consultation Form, Shipboard Medical Records, Guest Services interactions, etc., do not mention the presence of a liquid substance being the cause of her alleged fall. For purposes of this motion, assuming *in arguendo* that there was a liquid on the subject floor, Plaintiff cannot offer more than rank speculation as to its source, the amount of time it was on the subject flooring before her fall, what the substance was, whether a crewmember was aware of the substance, whether it was from a spilled drink, etc.

A plaintiff seeking relief in a negligence maritime action bears the heavy burden of proving each of the following: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the defendant's breach was the proximate cause of the plaintiff's injuries; and (4) the plaintiff suffered damages. *Weiner*, 2012 U.S. Dist. LEXIS 151395, at *2. Mere identification of the above elements, without more, is insufficient to survive Defendant's Motion for Summary Judgment, as Plaintiff must introduce facts to support her position that there was "a specific risk (1) of which the defendant had notice or constructive notice, (2) that is not open and obvious, (3) about which the defendant failed to warn the plaintiff, and (4) that actually caused the plaintiff's injury." *Magazine v. Royal Caribbean Cruises, Ltd*., 2014 U.S. Dist. LEXIS 41092, at *7–8 (S.D. Fla. Mar. 27, 2014); *see also Weiner*, 2012 U.S. Dist. LEXIS 151395, at *2 (granting summary judgment in favor of Carnival, as plaintiff "failed to adduce *any* evidence that Carnival had actual or constructive notice of the alleged 'foreign substance,' or wet spot, on the promenade deck's tile flooring.") (emphasis added). Under this rule, it is clear that a party must proffer more than mere speculative testimony attempting to establish the existence of a genuine dispute of a material fact if she wishes to proceed to trial, as "liability cannot rest on sympathy

alone." *Weiner*, 2012 U.S. Dist. LEXIS 151395, at *6. The law is clear on its face: Plaintiff "cannot avoid summary judgment on some generalized theory of foreseeability that is divorced from the particular events in question." *Id.* at *4. In this matter, Plaintiff offers nothing more than speculation as to whether Carnival had any notice of the alleged substance or wet spot on the deck's flooring. This is not enough. *See Weiner*, 2012 U.S. Dist. LEXIS 151395, at *2 (granting summary judgment in favor of Carnival, as plaintiff "failed to adduce *any* evidence that Carnival had actual or constructive notice of the alleged 'foreign substance,' or wet spot, on the promenade deck's tile flooring.") (emphasis added).

A cruise line may be deemed to have actual notice where the "defendant knows of the risk creating condition" and on constructive notice "when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it," *Bujarski v. NCL (Bah.) Ltd.*, 209 F. Supp. 3d 1248, 1250–51 (S.D. Fla. 2016) (granting summary judgment in favor of defendant cruise line when plaintiff "provided no evidence of how long [a] puddle of water was present on the deck" and thus could not plausibly assert that the defendant had constructive notice of the dangerous condition); however, constructive notice must be based on more than mere speculation or presentation of distinctively dissimilar incidents occurring over a broad swath of time. *See Adams v. Paradise Cruise Line Operator, Ltd.*, 2021 U.S. App. LEXIS 4299, at 13–14 (11th Cir. Feb. 16, 2021) (holding that previous incidents, albeit similar in nature, yet occurring in another location on the ship, cannot impute notice onto a defendant cruise line without first a guest complaint as to the dangerous condition). As the Eleventh Circuit eloquently states, "without more evidence than the accident alone, it is clear that Plaintiff's case is grounded in no more than a guess or speculation, not founded on observable facts or reasonable inferences drawn from the record," and thus, Defendant's Motion for Summary Judgment must be granted as a matter of law. *Reyes v. BJ's Rests., Inc.*, 774 F.App'x 514 (11th Cir. 2019).

Plaintiff has not adduced that a specific risk-creating condition existed in this case. She merely alleges that an unidentifiable liquid caused her fall. However, Plaintiff herself did not see such a condition. [Exhibit 2, 111:20–25, 112:1–13]. She did not notice any nearby servers, leaks, spilled drinks, or other substances. *Id.* at 113:23–25, 114:1–3. In fact, she did not know whether the floor was even wet before her incident, as she admitted that, "I don't normally look down when I'm walking." *Id.* at 111:11–19. When asked whether she saw a wet spot on the tile before the accident, Plaintiff refused to answer, instead responding that, "I felt it on my dress."

*Id.* at 111:20–25, 112:1–13. Furthermore, her husband, also present at the time of the incident, also admitted his failure to look at the floor, both before and after the fall. [Ex. 3, 73:8–13, 75:4–6, 122:14–19]. Moreover, Plaintiff and her husband could only provide speculative testimony as to the identification of the allegedly present unknown substance. [Ex. 2, 124:3–25]. Ignorance cannot constitute notice as a matter of law. Just because an accident occurred does not mean Defendant is legally responsible for Plaintiff's subsequent injuries. *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006); *see also Matsushita*, 475 U.S. at 587. Although Plaintiff correctly cites *Thomas v. NCL (Bah.) Ltd.*, 203 F. Supp. 3d 1189, 1192–93 (S.D. Fla. 2016) for the notion that fifteen to twenty minutes may constitute a "sufficient length of time" under Florida law to establish constructive notice, here, Plaintiff cannot plausibly establish the existence of the alleged "wet spot" before her fall, let alone whether existed for twenty minutes beforehand. [Ex. 2, 111:11–25, 112:1–13, 124:3–25]. In *Thomas*, the plaintiff "likened the substance of a margarita," 203 F. Supp. 3d at 1192, and he testified acknowledging the presence of a "sticky, gooey substance" as soon as he sat up. *Id.* at 1191. Here, Plaintiff simply speculates, testifying that it could have been "dirty water," or that it "could have been brown drink or Coke." [Ex. 2, 108:23–25]. Plaintiff's husband was unsure when he noticed that his wife's dress was damp or dirty but ultimately speculates that it was between five and ten days after disembarkation. [Ex. 3, 82:15–18, 84:13–25, 85:1–23].

Moreover, neither Plaintiff nor her husband informed Carnival's Guest Services about the fall or the presence of an unidentifiable substance in a timely manner. [Ex. 3, 78:21–23]. The Passenger Injury Statement does not mention the presence of a substance. *Id.* at 102:3–12; [Ex. 2, 161:8–14]. When directly asked, Plaintiff admits that she did not tell Carnival whether the floor was dry or wet. *Id.* at 153:17–23, *see also id.* at 123:5–13, 145:6–18, 150:19–25, 151:1–25, 152:1–12.

Well-established case law expressly maintains that cruise lines *do not* serve as "the insurer of the safety of the passengers," *Cohen*, 945 F. Supp. 2d at 1356, and that a shipowner "does not become liable merely because an accident occurs." *Thomas v. NCL (Bah.) Ltd.*, 2014 U.S. Dist. LEXIS 110547, at *5; *see also Lugo v. Carnival Corp.*, 154 F. Supp 3d 1341, 1345 (S.D. Fla. 2015) (holding that "[c]ruise ship operators are not an all-purpose insurer of a passenger's safety."). Plaintiff must show not only that a specific dangerous condition existed at the time of the incident but also that Defendant had notice of the alleged hazardous condition.

Under federal admiralty law, a cruise ship must warn of known dangers that are not open and obvious. *See Keefe*, 867 F.2d at 1322; *Deperrodil v. Bozovic Marine, Inc.*, 842 F.3d 352, 357 (5th Cir. 2016). If the ship did not have notice of the danger or if the danger is open and obvious to a reasonable person, the ship has no duty to warn its passengers. *See Keefe*, 867 F.2d at 1322; *Deperrodil*, 842 F.3d at 357; *Samuels v. Holland Am. Line-USA, Inc.*, 656 F.3d 948, 954 (9th Cir. 2011). To determine whether a condition is open and obvious, the Court must conduct its analysis under a reasonable person standard, that is, by assessing whether a reasonable person would have observed the condition and appreciated the nature of the condition. *See Lancaster v. Carnival Corp.*, 85 F. Supp. 3d 1341, 1345 (S.D. Fla. 2015); *Lugo*, 154 F. Supp. 3d at 1345–46. The Court focuses solely on what an objectively reasonable person would observe and does not take into account the plaintiff's subjective perceptions. *Id.* Thus, as a matter of law, a cruise line has "no duty to warn Plaintiff about something that she should have noticed through the ordinary use of her senses." *Poole v. Carnival Corp.*, 2015 U.S. Dist. LEXIS 45927, at *5 (S.D. Fla. Apr. 8, 2015). "Drawing from the well of human experience leads one to the realization that smooth metal surfaces are slippery and these equally self-evident conclusions: grass is green[,] and water is wet." *Taiariol v. MSC Crociere, S.A.*, 2016 U.S. Dist. LEXIS 48966, at *9 n.6 (S.D. Fla. Apr. 12, 2016). Similarly, the visible existence of a hypothetical wet spot on tile flooring is a condition that is "open and obvious to any reasonably prudent person through the exercise of common sense and the ordinary use of their eyesight." *See id.* at *9. As follows, Carnival has no duty whatsoever to warn Plaintiff of a hazard that she should have noticed through the ordinary use of her senses. *See id.* Carnival cannot and "did not breach its duty of reasonable care by failing to warn Plaintiff of a condition of which she, or a reasonable person in her position, would be aware," simply by reasonable use of her senses. *Id.*

The merely speculative presence of an unknown liquid located on an unascertainable tile is an "open and obvious" danger that is not unique to maritime transportation, thus, Carnival had no duty to warn Plaintiff of the blatantly apparent hazards associated with walking in two-to-two-and-a-half-inch wedge heels on the Promenade Deck of the *Ecstasy*. *See Taiarol*, 2016 U.S. Dist. LEXIS 48966, at *9.

### III. Plaintiff Failed to Establish that Carnival had Actual or Constructive Notice of the Alleged Problem With an Unidentified Tile or Above Piping.

The straightforward fact that an accident occurred, by itself, cannot plausibly establish a presumption of a dangerous condition or notice. *Isbell*, 462 F. Supp. 2d at 1237; *see also Matsushita*, 475 U.S. at 587. "In the Eleventh Circuit, under federal maritime law, there must be a finding of actual or constructive notice of a dangerous condition before a cruise ship can be held liable for negligence." *Wieters v. Carnival Corp.*, 2018 U.S. Dist. LEXIS 167709, at *3 (S.D. Fla. Sept. 28, 2018). "Cruise ship operators are not an all-purpose insurer of a passenger's safety." *Lugo v. Carnival Corp.*, 154 F. Supp. 3d at 1345.

To be liable for negligence as a matter of law, Carnival must have had notice of the alleged risk-creating condition causing harm to Plaintiff. "To show notice, it is not enough to demonstrate merely that defendant negligently created or maintained its premises." *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295 (11th Cir. 2020). "Rather, the plaintiff must establish that a cruise line in fact knew or should have known that a particular hazard existed." *Id.* In order to assert a viable negligence claim, a plaintiff "must also allege factual matter demonstrating that [the defendant] had actual or constructive notice of the risk-creating condition." *Navarro v. Carnival Corp.*, No. 19-21072-CIV-MORENO, 2019 U.S. Dist. LEXIS 176773, 2019 WL 5079838, at *2 (S.D. Fla. 2019) (citing *Pizzino v. NCL (Bahamas) Ltd.*, 709 F. App'x 563, 565 (11th Cir. 2017)).

A plaintiff must provide specific factual support as to a defendant's actual or constructive notice concerning the particular risk-creating condition. *Lipkin v. Norwegian Cruise Line Ltd.*, 93 F. Supp. 3d 1311, 1324 (S.D. Fla. 2015). Plaintiff's "mere implication" of actual or constructive notice, without more, cannot survive Defendant's motion for summary judgment. *See Adams v. Carnival Corp.*, 2009 U.S. Dist. LEXIS 122822, at *5 (S.D. Fla. Sept. 29, 2009) (finding plaintiff needed "specific facts" rather than "mere implication" to demonstrate notice)). To illustrate this position, the Southern District of Florida stated:

> **According to Weiner, "[h]is testimony in and of itself creates a genuine issue of material fact that is in dispute in this case and for a jury to decide." *See id*. at 13–14. Not so. In order to impose liability, Weiner must show that Carnival had "actual or constructive notice of the risk-creating condition." *See Keefe*, 867 F.2d at 1322. That Weiner perceived his slip was caused by liquid on the floor is not evidence showing that Carnival knew or had reason to know of a dangerous condition at the time of the accident. *See Isbell*, 462 F. Supp. 2d at 1237 (rejecting argument that the cruise**

> line "should have known" of dangerous condition simply because plaintiff suffered an accident); *Wish v. MSC Crociere S.A.*, 2008 U.S. Dist. LEXIS 109072, 2008 WL 5137149, at *2 (S.D. Fla. Nov. 24, 2008) (Marra, J.) ("A carrier does not become liable to a passenger solely because an accident occurs.").

*Weiner*, 2012 U.S. Dist. LEXIS 151395, at *9–10 (emphasis added). In *Weiner*, summary judgment was granted in favor of Defendant when "no water or other liquid substance was found by him, his wife, or any crew member aboard the ship in the moments immediately after the accident." *Id.* at *2. The "crew member who came to assist Weiner immediately after the accident was unable to identify any 'foreign substance' or liquid on the floor in the area where he slipped." *Id.* Similarly, here, the attending crew member, Jennielyn Meneses, testified that, "I checked the floor. I touch[ed] the floor, the floor was dry." [Ex. 4, 27:19–25]. She reiterated, "I check[ed] the floor, the floor was dry." *Id.* at 28:13–14; 31:21–23. She did not notice a drop or spill in the area before Plaintiff fell. *Id.* at 74:15–22, 75:12–19. Additionally, she did not see ice on the subject tile. *Id.* at 75:20–22. Mrs. Meneses testified that she did not see any substance on the floor before Plaintiff fell, and if she noticed a foreign substance on the subject tile, she would have cleaned it. *Id.* at 84:4–10. When she inspected the area after Plaintiff's fall, the area was "completely dry." *Id.* at 88:6–8. She did not place a caution sign after the fall because there was no need to do so. *Id.* at 90:1–8. During her long-time experience working aboard the *Ecstasy*, Mrs. Meneses has not personally slipped on the Promenade Deck tile. *Id.* at 96:9–11. The only fall on the Promenade Deck of which she is aware was that of the Plaintiff. *Id.* at 96:5–8. Plaintiff has not offered evidence rebutting Carnival's assertion that its crew members routinely and regularly inspect the subject area.

Furthermore, in *Weiner*, factually analogous here, the plaintiff sought "to hold Carnival liable on the theory that a 'foreign substance'—a wet spot—rendered the flooring of the promenade deck unreasonably dangerous to traverse." *Weiner*, U.S. Dist. LEXIS 151395, at *7. The *Weiner* court emphasized that Carnival's "liability thus hinges on whether it knew or should have known about the treacherous wet spot." *Id.* (citing *Keefe*, 867 F.2d at 1322). Continuing, as the *Weiner* plaintiff could not establish a genuine issue as to whether "any Carnival employee or other person saw, or had reason to know of, any wet condition on the floor prior to, or even after the incident in question," the court reasoned that the plaintiff could not allege beyond mere speculation that Carnival had knowledge of the condition. *Id.* at *8 (citing *Isbell*, 462 F. Supp. 2d at 1237).

Here, Plaintiff merely alleges the presence of some liquid that got on her dress when she fell and testified that most of the liquid was absorbed by her dress. [Ex. 2, 125:1–9]. That Plaintiff alleges that her fall was caused by the presence of an unascertainable liquid cannot suffice, on its own, as sufficient evidence to establish a genuine dispute of material fact as to whether Carnival had notice of a dangerous condition. *See Weiner*, U.S. Dist. LEXIS 151395, at *9–10. Plaintiff has failed to show that Carnival knew about the alleged liquid on the promenade deck, as she admits that there were no yellow caution cones or affixed warning signs in the general vicinity of her accident. [Ex. 2, 201:11–17]. Plaintiff's theory of liability focuses exclusively on the alleged presence of an unidentified substance. Thus, her negligent maintenance claim fails as a matter of law. As Plaintiff cannot establish that Carnival knew or should have known of the allegedly dangerous condition simply because she suffered an accident, *Isbell*, 462 F.Supp.2d, at 1237, summary judgment should be granted in favor of Defendant.

Although several other passengers have lost their balance on tile flooring during the past three years for various reasons, the clumsiness of other passengers on different decks on other ships cannot establish a specific problem with the tile flooring requiring corrective action on Carnival's behalf. *See Adams v. Paradise Cruise Line Operator, Ltd.*, 2021 U.S. App. LEXIS 4299, at *13–14 (11th Cir. Feb. 16, 2021). As there were no maintenance requests, either before or after Plaintiff's slip, pertaining to the alleged slipperiness of the Promenade Deck on the *Ecstasy*, Carnival was not—nor could be—aware a condition that would have imputed either actual or constructive notice to itself or its agents. *See id.* at *14 (holding that previous incidents, albeit similar in nature, yet occurring in another portion of the ship, cannot impute notice on the cruise line without a guest complaint as to the condition instigating the lawsuit at hand). Plaintiff's counsel emphasizes accidents occurring on other ships within Carnival's fleet; however, as Carnival's corporate representative testified, the design of the *Ecstasy* is not identical to that of the *Elation*. [Ex. 5, 205:7–15]. Therefore, these incidents are not substantially similar and cannot impute notice onto Carnival. *See Adams*, 2021 U.S. App. LEXIS 4299, at *14.

Carnival does not complete a maintenance request without the entry of a work order. There were no work orders for the subject tile flooring showing that there was a problem with the tiles themselves requiring maintenance. Without actual or constructive notice of an unidentified tile's allegedly dangerous condition beforehand, Carnival cannot be liable for Plaintiff's clumsiness in two-to-two-and-a-half-inch wedge heels. *Adams*, 2021 U.S. App.

LEXIS 4299, at *14. Thus, judgment must be entered in favor of Carnival as a matter of law, as Plaintiff cannot affirmatively establish that Carnival knew or should have known about an issue with an unidentified tile. *Id.*

The other thing Plaintiff has not adduced any evidence of is if the floor was even wet (of which there is no evidence), let alone how long was the floor wet? Inconclusive speculation alone cannot support a reasonable inference that a gap existed for such a length of time to put Carnival on constructive notice of the situation. *See Espinoza v. Target Corp.*, 2021 U.S. App. LEXIS 1373, at *12 (11th Cir. Jan. 19, 2021) (granting summary judgment in favor of retail establishment when plaintiff only provided speculative testimony as to how long the alleged puddle was on the floor before the slip and fall occurred). The Eleventh Circuit recently reasoned that as "a jury could only speculate as to how long the puddle was on the floor, [b]ut speculation cannot create a genuine dispute of material fact to defeat summary judgment." *Id.* The *Espinoza* plaintiff testified that the milky substance was room temperature; however, that alone cannot establish constructive notice. Similarly, here, Plaintiff testifies that, "I can't tell exactly [how long the alleged liquid was there], but it was room temperature. It wasn't hot; it wasn't cold." [Ex. 2, 108:3–5]. As an allegation that the substance was room temperature cannot establish constructive notice, *see Espinoza*, 2021 U.S. App. LEXIS 1373, at *13, summary judgment must be entered as a matter of law in Defendant's favor, as Plaintiff cannot prove beyond her mere speculation the length of time that the alleged puddle was present. Similarly, aboard another cruise line,

> Francis herself, though walking carefully and looking for fruit, did not see the watermelon before she fell. We cannot say that a reasonable factfinder could infer that crewmembers a short distance away should have noticed a single small piece of watermelon. **And Francis admits that she has no way of knowing whether the watermelon fell to the floor before or after she entered the buffet, so we cannot say how long the watermelon was there. Such speculation cannot be the basis on which a party overcomes summary judgment.** *Cordoba*, 419 F.3d at 1181.

*Francis v. MSC Cruises, S.A.*, 2020 U.S. App. LEXIS 36538, at *9 (11th Cir. Nov. 20, 2020) (emphasis added). As such, Plaintiff cannot establish a genuine issue of material fact as to whether Carnival had notice, either actual or constructive, of the alleged existence of a wet spot

on the Promenade Deck around dinnertime on or about May 26, 2019. Thus, summary judgment must be entered in Defendant's favor as a matter of law.

### IV. Plaintiff Cannot Establish Proximate Causation as to Carnival's Role in this Incident Based Upon Mere Sympathy and/or Compassion Alone.

However, "liability cannot rest on sympathy alone." *Weiner*, 2012 U.S. Dist. LEXIS 151395, at *6. "[T]here is a fallacy, which seems to be widely accepted, that for any personal injury, however caused, some person or instrumentality should be liable in damages. Such is not and has *never* been the law." *Mendel v. Royal Caribbean Cruises, Ltd.*, 2012 U.S. Dist. LEXIS 86052, at *5 (S.D. Fla. June 21, 2012) (granting summary judgment for cruise line where plaintiff failed to present any evidence of actual or constructive notice of an allegedly dangerous pool exit step) (emphasis added) (internal quotation marks omitted). The law is clear: a plaintiff "cannot avoid summary judgment on some generalized theory of foreseeability that is divorced from the particular events in question." *Weiner*, 2012 U.S. Dist. LEXIS 151395, at *4, as "[n]egligence may not be inferred from the mere happening of an accident alone." *Reyes v. BJ's Rests., Inc.*, 774 F.App'x. 514 (11th Cir. 2019) (citations omitted). "[W]ithout more evidence than the accident alone, it is clear that Plaintiff's case is grounded in no more than a guess or speculation, not founded on observable facts or reasonable inferences drawn from the record." *Id.* In order to survive a motion for summary judgment, Plaintiff must submit factual support to the Court in order to establish a causal connection between her injuries and Carnival's alleged breach of a supposed duty owed to her. *See id.*

### V. Plaintiff's Mere Speculation as to Negligent Maintenance Cannot Defeat a Defendant's Motion for Summary Judgment.

A non-moving party cannot create a genuine issue of material fact through speculation, or evidence that is "merely colorable" or "not significantly probative." *Anderson*, 477 U.S. at 249–50. Analogous to the factual allegations here,

> Plaintiff contends that her fall was due to a loose metal nosing on the stairs. *See* Compl. [D.E. 1 at 2]. However, it is undisputed that she cannot identify the step on which she was standing at the time of the fall. *See* Pl. Depo. [D.E. 29-1 at 7, 9, 10, 12]. Consequently, she cannot prove whether the step she was on at the time of her fall had a loose metal nosing that was a substantial factor in the cause of her fall. *Diczok*, 263 F. Supp. 3d at 1265–66. Plaintiff's inability to offer any evidence that the step over which she tripped had a loose metal nosing is fatal to her negligence claim. *See John Morrell & Co.*, 534 F. Supp. 2d at 1353; *Lipkin*, 93 F. Supp. 3d at 1325; *Cohen*, 945 F. Supp. 2d at 1354 ("[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." (citations omitted)).

*Middleton v. Carnival Corp.*, 2019 U.S. Dist. LEXIS 7129, at *6 (Jan. 14, 2019). Here, Plaintiff alleges in her Complaint that "she slipped and fell on the unreasonably slippery interior flooring on the Promenade Deck." [Complaint, paragraph 8]. But, Plaintiff herself claimed her shoes could have caused her fall. Whether the floor itself had anything to do with her incident is mere speculation, and she cannot establish causation.

Plaintiff's Passenger Injury Statement states the accident "could have been [caused by] the shoes." [Exhibit 1]. This statement, properly categorized as a party admission, pursuant to FED. R. EVID. 801(d)(2)(A), prevents Plaintiff from further pursuing her negligence claims, as she admits liability. Although Plaintiff alleges that her husband wrote that statement, [Ex. 2, 146:12–19, 150:19–25, 151:1–25, 152:1–12], she still signed the statement. Thus, judgment must be entered in favor of Carnival as a matter of law, in accordance with FED. R. CIV. P. 56, because, just as in *Middleton*, Plaintiff cannot establish an essential element of her negligence claim against Carnival. *See Middleton*, 2019 U.S. Dist. LEXIS 7129, at *8 ("Because Plaintiff has failed to adduce facts that support her negligence claim against Carnival, Defendant is entitled to judgment as a matter of law.").

**VI.   Plaintiff Failed to Produce Evidence to Support Her Unfounded Claim as to Negligent Flooring Design.**

Summary judgment on a negligent design claim is appropriate where a plaintiff fails to provide evidence that the cruise line "actually designed" the dangerous condition at issue. *Rodgers v. Costa Crociere, S.p.A*, 410 F. App'x 210, 212 (11th Cir. 2010); *Milbrath v. NCL (Bah.) Ltd.*, 2018 U.S. Dist. LEXIS 39123 (S.D. Fla. 2018) (holding that because the plaintiff provided insufficient evidence that the cruise line actually "designed, participated in or approved of the design of the ship, the threshold, or the lighting" summary judgment on the plaintiff's negligent design claim was proper). "A cruise line is not liable for any alleged improper design if the plaintiff does not establish that the ship-owner or operator was responsible for the alleged improper design." *Mendel*, 2012 U.S. Dist. LEXIS 8605, at *2. Carnival cannot be liable under a negligent design theory if Plaintiff cannot affirmatively establish Defendant's direct involvement in the design process. *Taiariol*, 2016 U.S. Dist. LEXIS 48966, at *17 (citing *Weiner*, 2012 U.S. Dist. LEXIS 151395, at *5).

In *Milbrath*, the Court granted summary judgment in favor of defendant on plaintiff's negligent design claims where the defendant's corporate representative testified, with respect to

the construction and design of a threshold, as follows: "STX France, the shipyard, designed and constructed the threshold." *Id.* at *17. There were some equivocations from defendant's corporate representative, but nonetheless the Court found there was no evidence that defendant designed the ship or the threshold at issue. Id. at *18. The Court further cited to *Diczok v. Celebrity Cruises, Inc*, 263 F. Supp. 3d 1261, 1265-66 (S.D. Fla. 2017), and found in that case the defendant's corporate representative asserted the defendant provided the shipbuilder with the design specifications, had the opportunity to review design schematics and request changes, and signed a contract in which defendant was to approve all plans and drawings and the court still held this evidence was insufficient to constitute actual participation or approval in the design of the risk creating condition.

Carnival's corporate representative maintains that it was not privy to minute design decisions and did not oversee installations occurring decades prior. [Ex. 5, 166:1–11]. Carnival was not involved in the design of the flooring in the Promenade deck area where Plaintiff allegedly slipped. [Ex. 5, 165:19-169:3]. Carnival was not involved in the selection of the tiled flooring. [Ex. 5, 171:17-173:22].

The above makes clear that Defendant had no "actual participation" in the design of the subject walkway. If in *Diczok*, where the corporate representative testified that the defendant provided the shipbuilder with the design specifications, had the opportunity to review design schematics and request changes, and signed a contract in which defendant was to approve all plans and drawings was insufficient to constitute actual participation or approval in the design of the risk creating condition, the evidence adduced in this case is clearly insufficient for Plaintiff to meet her burden on a negligent design theory. The same can be said about a negligent maintenance theory considering such a theory also rises and falls on notice. *See LeRoux v. NCL (Bahamas), Ltd.*, Case No. 15-23095—CIV—WILLIAMS, 2017 WL 10410815, at *6 (S.D. Fla. July 31, 2017) (citing *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1359 (11th Cir. 1990)).

In *Gordon v. NCL Bah Ltd.*, 2019 U.S. Dist. LEXIS 67505 (S.D. Fla. 2019), Judge Michael Moore held that just because the defendant was under contract with the shipyard and could tell the shipyard where it should place things such as the pool and the hot tub, this did not mean defendant actually designed the alleged dangerous condition. Id. at *15 (citing *Rodgers v. Costa Crociere, S.P.A.*, 410 F. App'x 210, 212 (11th Cir. 2010); *Milbrath v. NCL Bahamas, Ltd.*, 2018 U.S. Dist. LEXIS 39123, at *4 (S.D. Fla. 2018) (holding that because the plaintiff provided insufficient evidence that the cruise actually "designed, participated in or approved of the design

of the ship, the threshold, or the lighting" summary judgment on the plaintiff's negligent design claim was proper). Mere ability to participate in and approve the design do not show actual participation or approval. *See Diczok v. Celebrity Cruises, Inc.*, 263 F. Supp. 3d 1261, 1264 (S.D. Fla. 2017).

### VII. Plaintiff Cannot Cure Her Evidentiary Deficit with a Subsequent Affidavit.

"When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously clear testimony." *Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984); *see also Lane v. Carnival Corp.*, 782 F.2d 1526, 1531 (11th Cir. 1986). Furthermore, "Plaintiff's inability to remember certain details, as depicted in her deposition transcript, does not amount to the existence of disputed facts." *Hippele v. Palm Beach County Bd. of County Comm'rs*, 2010 U.S. Dist. LEXIS 79906, *23 (S.D. Fla. 2010). As such, the Southern District of Florida maintains that a plaintiff's failure to remember a noteworthy event cannot satisfy the plaintiff's burden of production. *Id.*

> Plaintiff's affidavit, even if it were not stricken as a sham, would not create any genuine issue of material fact to defeat summary judgment. Plaintiff's affidavit states her "true testimony" is that she does "not remember if I saw the threshold when I walked out onto the balcony and I did not notice it as I was walking in just before I fell." (DE 54-1). But Plaintiff cannot create a genuine issue of material fact by testifying that she "does not remember," especially when she previously testified that she did notice the threshold. *See e.g.*, (DE 39-1 at 114) ("Q: So you saw the threshold? A: I saw it.").

*LeRoux v. NCL (Bah.), Ltd.*, 2017 U.S. Dist. LEXIS 120816, at *9 (S.D. Fla. July 31, 2017). As Plaintiff fails to plausibly demonstrate the existence of a genuine issue of material fact, summary judgment is the appropriate method to dispose of her deficient claims of negligence against Carnival.

**WHEREFORE**, CARNIVAL respectfully requests that this Court grant it summary judgment and any other relief that this Court deems just and proper.

Dated: March 12, 2021

   /s/    Juan C. Perez, Jr.
**David J. Horr**
Florida Bar No.: 310761
**dhorr@admiral-law.com**
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
**jperez@admiral-law.com**
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 670-2526
*Attorneys for Defendant, Carnival Cruise Lines*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on March 12, 2021, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

   /s/    Juan C. Perez, Jr.
**David J. Horr**
Florida Bar No.: 310761
**dhorr@admiral-law.com**
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
**jperez@admiral-law.com**
*Attorneys for Defendant, Carnival Cruise Lines*

3132/1750860

## SERVICE LIST

**Michael T. Flanagan**
Florida Bar No.: 0091072
mtf@florida-justice.com
FLANAGAN PERSONAL INJURY &
WRONGFUL DEATH LAW FIRM, P.A.
2100 Ponce de Leon Blvd., Suite 1180
Coral Gables, FL  33134
Telephone: (305) 638-4143
Facsimile:  (305) 397-2636
*Attorneys for Plaintiff, Margorie Cogburn*

**David J. Horr**
Florida Bar No.: 310761
dhorr@admiral-law.com
**Juan C. Perez, Jr.**
Florida Bar No.: 91581
jperez@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 670-2526
*Attorneys for Defendant, Carnival Cruise Lines*