**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 20-cv-22166-UU

MARJORIE COGBURN,

    Plaintiff,

v.

CARNIVAL CORP.,

    Defendant.

                            /

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (the "Motion"). D.E. 47. The Court has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons that follow, the Motion is GRANTED.

**I.   Background**

Unless otherwise indicated, the following facts are undisputed.

On May 26, 2019, Plaintiff was a passenger aboard the Carnival *Ecstasy*. D.E. 46 ¶ 2. At approximately 6:30 p.m. that evening, Plaintiff reportedly slipped and fell while walking on the walkway of the "Promenade Deck" on the *Ecstasy*, in an area known as "City Lights Boulevard." *Id.*; D.E. 58 ¶ 1. The flooring on the walkway is composed of tiled granite, D.E. 58 ¶ 3, and Plaintiff claims that her fall was caused by an unidentified brown liquid substance on the tile floor, which Plaintiff described as "tacky" and "sticky." D.E. 46 ¶¶ 8–9; D.E. 58 ¶ 27; D.E. 57-2 at 124:18–22. As a result of the fall, Plaintiff was diagnosed with a right hip femoral neck fracture. D.E. 58 ¶ 25.

At the time of the alleged incident, Plaintiff was wearing two-and-a-half-inch wedged sandals. D.E. 46 ¶ 4. The sandals had two straps across the toes on top of the foot, and the heel portion of each sandal was open. *Id.* ¶¶ 5–6. Plaintiff was walking with her husband at the time of the incident, and neither Plaintiff nor her husband saw any ice or drink glasses on the floor. *Id.* ¶¶ 12, 52–53. Plaintiff did not see anyone spill anything on the floor or pick up anything from the floor, and Plaintiff's husband did not see any liquid on the floor. *Id.* ¶¶ 12, 18, 55. Prior to her fall, Plaintiff did not see any bartenders walking with drinks in the area, she did not see any crewmembers mopping in the area, and she did not notice anything leaking from the ceiling. *Id.* ¶¶ 19–20, 25. Plaintiff's husband also did not see any crew members mopping the floors or serving drinks in the area. *Id.* ¶¶ 57, 60.

Another passenger aboard the *Ecstasy* assisted Plaintiff immediately after her fall. *Id.* ¶ 27. The assisting passenger did not make any comments about a liquid substance on the walkway. *Id.* ¶ 28. Plaintiff's Passenger Injury Statement, which Plaintiff's husband purportedly completed, does not indicate that the tile flooring was wet, but does state that Plaintiff's shoes may have caused the incident. D.E. 48-1. And the Security Watch Report, prepared by the *Ecstasy's* on-duty security officer on the day after the incident occurred, states that the tile flooring was dry at the time of Plaintiff's fall. D.E. 46-2 at 30:3–31:10. In addition, Plaintiff did not inform the physician aboard the *Ecstasy* that she slipped on a liquid. *Id.* ¶ 33.

Jennilyn Meneses, a crewmember aboard the *Ecstasy*, was assigned to City of Lights Boulevard on the day of the alleged incident. D.E. 46 ¶¶ 62–64. At approximately 6:30 p.m. on that day, Ms. Meneses was wiping down and/or sanitizing tables on in that area. *Id.* ¶¶ 66–67. Ms. Meneses did not see any passengers or crew members walking with drinks in the area, and she did not see anyone spill a drink either. *Id.* ¶¶ 68–69, 76. Prior to Plaintiff's fall, Ms. Meneses did

not notice any liquid, ice, or drink glasses on the floor, and she did not see anything leaking from the ceiling. *Id.* ¶¶ 74–75, 77. Ms. Meneses was within eight to ten feet of Plaintiff at the time Plaintiff fell. D.E. 58 ¶ 30. Ms. Meneses checked the floor to determine if it was wet, and she testified that she could visibly see that the floor was dry. D.E. 46-4 at 87:18–22. Plaintiff did not inform Ms. Menses that she slipped on a liquid. *Id.* at 88:12–17.

Plaintiff initiated this case on May 25, 2020. D.E. 1. Plaintiff's Complaint alleges four causes of action against Defendant, each sounding in negligence: Count 1 – Negligent Failure to Warn; Count 2 – Negligent Failure to Clean; Count 3 – Negligent Design, Construction, and/or Approval of the Subject Flooring; and Count 4 – Negligent Maintenance of the Flooring. *Id.* Through the Motion, Defendant moves for summary judgment on each count. Plaintiff filed a timely opposition, and the Motion is now fully briefed and ripe for adjudication.

## II.     Legal Standard

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. When determining whether the moving party has met this burden, the Court must view the evidence and all factual inferences in the light most favorable to the non-moving party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of proving that no genuine issue of material fact exists, the non-moving party must make a showing sufficient to establish the existence of an essential element of that party's case and on which that party will bear the burden of proof at trial."

*See Celotex Corp. v. Catrell*, 477 U.S. 317 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir. 1989).

If the record presents factual issues, the Court must not decide them; it must deny the motion and proceed to trial. *Envntl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts, then the Court should deny summary judgment. *Impossible Elec. Techs., Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160. The moving party must demonstrate that the facts underlying the relevant legal questions raised by the pleadings are not otherwise in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Liberty Lobby, Inc.*, 477 U.S. at 255.

**III.    Analysis**

"Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019). The

Eleventh Circuit has instructed that the "general principles of negligence law" are applicable in a maritime tort case. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). Indeed, "[c]ruise ship operators are not an all-purpose insurer of a passenger's safety." *Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341, 1345 (S.D. Fla. Dec. 31, 2015). To prevail on a claim under a negligence theory, "a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara*, 920 F.3d at 720 (quoting *Chaparro*, 693 F.3d at 1336). As a prerequisite to imposing liability, a shipowner must "have had actual or constructive notice of a risk-creating condition." *Id*. Accordingly, the Court first must determine whether Defendant had actual or constructive notice of the risk-creating condition.

"Actual notice exists when the shipowner knows of the unsafe condition." *Lebron v. Royal Caribbean Cruises Ltd.*, 818 F. App'x 918, 910 (11th Cir. 2020). A plaintiff may show constructive notice with evidence "that the defective condition existed for a sufficient period of time to invite corrective measures," or "with evidence of a substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Guevara*, 920 F.3d at 720. "For a prior incident to be substantially similar, the conditions surrounding the incidents need only be similar enough to allow a reasonable inference concerning [the] [d]efendant's ability to foresee this type of accident and its results." *Taylor v. Royal Caribbean Cruises Ltd.*, 427 F. Supp. 3d 1255, 1260 (S.D. Fla. 2020) (internal quotation marks and citation omitted).

Here, the allegedly defective condition at issue is the presence of the unidentified brown liquid substance on the tile flooring. Defendant argues that summary judgment should be granted

in its favor because "Plaintiff cannot affirmatively establish that [Defendant] knew or should have known about an issue with an unidentified tile." D.E. 47. In an effort to establish actual notice, Plaintiff cites to meeting minutes from the *Ecstasy's* "HESS Action Team," dated October 30, 2018, in which Defendant's Chief Security Officer noted that "[m]ost of the accidents occurred on Promenade near the casino bar due to spill[s] as the bar [is] very congested with no space to sit, [g]uests are moving with the drinks through the overall Deck-9 Promenade." D.E. 57-10. Although these meeting minutes show that Defendant had general knowledge of certain accidents that previously occurred on the Promenade Deck due to spilled drinks, this proffered evidence, standing alone, falls short of establishing that Defendant had notice of the purported presence of the brown liquid substance that allegedly caused Plaintiff to slip and fall. *See Gordon v. NCL (Bahamas) Ltd.*, No. 18-CV-22334, 2019 WL 1724140, at *5 (S.D. Fla. Apr. 15, 2019). As such, Plaintiff fails to establish actual notice.[1]

With respect to constructive notice, Plaintiff has provided no evidence of how long the brown liquid substance was on the walkway. And it is undisputed that that neither Plaintiff, her husband, nor Ms. Meneses saw anything on the floor before or after Plaintiff's incident. Without any such evidence, Plaintiff cannot establish that the foreign substance was on the walkway for a period of time such that Defendant should have known of its presence. *See Bujarski v. NCL (Bahamas) Ltd.*, 209 F. Supp. 3d 1248, 1251 (S.D. Fla. 2016) ("Plaintiff has provided no evidence of how long the puddle of water was present on the deck. Indeed, before Plaintiff fell, neither Plaintiff nor her family saw anything on the deck. Absent such evidence, Plaintiff cannot establish that the puddle of water upon which she allegedly stepped was on the deck . . . for such a period

---

[1] Plaintiff also cites to various meeting minutes from other ships in Defendant's fleet, but again, those minutes fail to show that Defendant was on notice of the unidentified brown liquid substance that purportedly caused Plaintiff's accident.

of time that Defendant must have known of its presence."); *see also Prather v. NCL (Bahamas) Ltd.*, No. 19-21832-CIV, 2020 WL 4381412, at *3 (S.D. Fla. July 31, 2020) (granting summary judgment in favor of the defendant cruise operator and finding that the plaintiff's inability to identify when the liquid presented itself "doom[ed] her case"); *Weiner v. Carnival Cruise Lines*, No. 11-CV-22516, 2012 WL 5199604, at *2 (S.D. Fla. Oct. 22, 2012) ("[T]he record is simply devoid of evidence that any Carnival employee or other person saw, or had reason to know of, any wet condition on the floor prior to, or even after, the incident in question. Without such evidence, [the plaintiff] has failed to create an issue of fact as to whether Carnival had a duty to warn of a dangerous condition.").

Plaintiff also attempts to establish constructive notice by citing to "substantially similar" prior incidents. D.E. 59. After generally asserting (without providing any explanation) that "Plaintiff has presented 45 substantially similar prior [] incidents," Plaintiff specifically identifies three incidents where "other passengers . . . have fallen on the City of Lights Boulevard aboard the Carnival Ecstasy." *Id.* Even though the "substantial similarity doctrine does not require identical circumstances," *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir. 2015), Plaintiff falls short of establishing that the circumstances of the three prior incidents are even remotely similar. Plaintiff fails to point to any record evidence demonstrating that the prior incidents occurred in the same location where Plaintiff fell, that the liquids on which the other passengers slipped were the same or similar, or that the passengers were wearing similar footwear. *See id.* (affirming the district court's determination that prior slip-and-fall incidents were not substantially similar where (1) "none of [the incidents] occurred where [the plaintiff] fell," (2) "the liquids that the other passengers slipped on differed," and (3) the passengers' footwear differed). Simply put, Plaintiff fails to provide any explanation as to how or why those incidents are

7

substantially similar to the Plaintiff's incident.  And as such, Plaintiff fails to establish that the prior incidents are substantially similar such that constructive notice can be imputed to Defendant.

Further, Plaintiff argues that "the presence of crewmembers in the vicinity of the spill precludes summary judgment." D.E. 59.  Plaintiff asserts that because at least one crew member was "standing no more than eight feet away when [Plaintiff] slipped and fell on the brown liquid," a "reasonable jury could determine that [the crew member] should have detected the brown liquid and cleaned it up or warned the plaintiff of its existence." *Id.*  Plaintiff relies on *Aponte v. Royal Caribbean Cruise Lines, Ltd.*, 739 F. App'x 531 (11th Cir. 2018), and *Plott v. NCL America, LLC*, 786 F. App'x 199 (11th Cir. 2019), to support this argument, but the Court is not persuaded that either case precludes summary judgment.

In *Aponte*, the defendant's crewmember was in the "immediate vicinity" of a puddle of soap that was one-and-a-half feet in diameter.  739 F. App'x at 546.  The Eleventh Circuit did not quantify the boundaries of the "immediate vicinity," but explained that the significant puddle of soap was "at [the crewmember's] feet" prior to the plaintiff slipping on the soap and falling.  *Id.*  Based on the size of the puddle and the crewmember's proximity to it, the Eleventh Circuit held that "a reasonable factfinder could conclude that the crewmember knew or should have known about the puddle of soap."  *Id.*  And in *Plott*, the Eleventh Circuit determined that there was a genuine issue of material fact with respect to notice based on the fact that the hazardous conditions at issue—puddles of water—remained in the area where the plaintiff fell for about thirty minutes and that the area was "continuously monitored" by the defendant's crewmembers.  786 F. App'x at 202–03.

In this case, by contrast, Plaintiff has presented no evidence whatsoever regarding the size of the puddle of the brown liquid substance, nor has Plaintiff offered any evidence to establish how

8

the long the substance was on the floor. Instead, Plaintiff relies solely on the fact that there was at least one crewmember standing eight to ten feet away from the alleged brown liquid substance when Plaintiff slipped and fell. But the Court finds that this evidence alone, without any evidence of size or duration, is insufficient to create a genuine issue of material fact with respect to whether Defendant's crewmembers knew or should have known of the purported presence of the brown liquid substance.

Notwithstanding her inability to establish notice, Plaintiff argues that "binding Eleventh Circuit precedent compels denial of [Defendant's] Motion for Summary Judgment on Plaintiff's negligent maintenance claim." D.E. 59. According to Plaintiff: "In recent years the Eleventh Circuit has twice reversed summary judgment on negligent maintenance theories due to the district court's failure to acknowledge expert testimony that the cruise line's negligent maintenance of a particular condition violated industry standards." *Id.* In making this argument, Plaintiff asserts that Defendant "is confusing the dangerous condition at play here," as "[i]t is not the liquid; it is the too slippery floor which violates industry standards and guidelines." *Id.* Yet, Plaintiff's argument is directly contradicted by the testimony of her own liability expert, Jason English, who testified that the tile flooring is "hazardous under wet conditions or contaminated conditions, but it's fine under dry and clean conditions." D.E. 44-1 at 77:18–21. That testimony aside, however, "[t]he law is clear . . . that actual or constructive notice requirements applies to Plaintiff's negligent maintenance claims." *Prather v. NCL Bahamas Ltd.*, No. 19-21832-CIV, 2020 WL 4501809, at *8 n.5 (S.D. Fla. June 19, 2020), *report and recommendation adopted*, 2020 WL 4381412 (S.D. Fla. July 31, 2020). Accordingly, the Court need not reach this argument given Plaintiff's failure to show a genuine issue of material fact with respect to notice.

Given that Plaintiff fails to establish that Defendant had actual or constructive notice of the brown liquid substance that purportedly caused Plaintiff to fall, the Court will grant summary judgment in Defendant's favor on Plaintiff's claims, as each claim is predicated upon a theory of negligence.

As a final matter, Defendant is entitled to summary judgment on Plaintiff's claim for negligent design, construction, and/or approval of the subject flooring tile (Count 3) on an independent basis. "The elements of negligent design require that the Defendant actually created, participated in, or approved of the design of the risk-creating condition." *Milbrath v. NCL Bahamas, Ltd.*, No. 17-CV-22071, 2018 WL 2021344, at * (S.D. Fla. Mar. 8, 2018) (citing *Groves v. Royal Caribbean Cruises, Ltd.*, 463 F. App'x 837 (11th Cir. 2012)). Defendant asserts that Plaintiff "cannot affirmatively establish Defendant's direct involvement in the design process." D.E. 47. Defendant cites evidence in the record to establish that it "was not involved in the design of the flooring in the Promenade deck area where Plaintiff allegedly slipped," and that it "was not involved in the selection of the tiled flooring." *Id.* Plaintiff entirely fails to address this argument, let alone offer any evidence to even suggest that Defendant actually designed, participated in or approved the design of the *Ecstasy's* flooring. Accordingly, Plaintiff has failed to establish a genuine issue of fact, and summary judgment in favor of Defendant is appropriate on Plaintiff's claim for negligent design. *See Rodgers v. Costa Crociere, S.P.A.*, 410 F. App'x 210, 212 (11th Cir. 2010) (affirming the district court's grant of summary judgment in favor the defendant cruise operator "where there was no evidence whatsoever that [defendant] actually designed the stairs or hand rails."); *Weiner*, 2012 WL 5199604, at *6 (finding that "there can be no liability under a negligent design theory" where plaintiff presented no evidence that defendant "had any say or participation" in the "design of the flooring and lighting on the promenade deck"); *Mendel v. Royal*

*Caribbean Cruises, Ltd.*, No. 10-23398-CIV, 2012 WL 2367853, at *2 (S.D. Fla. June 21, 2012) ("A cruise line is not liable for any alleged improper design if the plaintiff does not establish that the ship-owner or operator was responsible for the alleged improper design.").

## IV. Conclusion

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the Motion (D.E. 47) is GRANTED. The Court will enter a separate final judgment. It is further

ORDERED AND ADJUDGED that the Clerk of Court shall administratively close this case. All future hearings and deadlines are CANCELED, and all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers, Miami, Florida, this 16th_ day of April, 2021.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished:
All counsel of record